**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3212
_____

In re: REINARD SMITH; FELICIA SMITH,
Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3:22-cv-04998)

_____

Submitted Pursuant to Fed. R. App. P. 21
on December 12, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: January 2, 2025)

_____

---

OPINION[*]

---

**PER CURIAM**

Pro se Petitioners Reinard and Felicia Smith seek a writ of mandamus compelling the United States District Court for the District of New Jersey to review and modify several of its recent rulings. Because Petitioners have not demonstrated that they are entitled to such relief, we will deny their petition.

In August 2022, Petitioners filed a complaint in the District Court alleging that Defendants had violated the Truth in Lending Act and New Jersey's Consumer Fraud Act while selling Petitioners a used car. In their mandamus petition, Petitioners take issue with recent District Court discovery rulings. Specifically, Petitioners request that we direct the District Court to apply the Uniform Electronic Transaction Act to determine the admissibility of electronic signatures before trial. Petitioners also request that we direct the District Court to decide their motion for partial judgment on the pleadings "in accord with the rule of law." CA 1 at 6. We will deny both requests.

"The writ of mandamus is an extreme remedy reserved for only the most extraordinary situations." *In re Abbott Lab'ys*, 96 F.4th 371, 379 (3d Cir. 2024) (cleaned up). We have the discretion to grant it only if the petitioner shows "(1) a clear and indisputable abuse of discretion or error of law, (2) a lack of an alternate avenue for adequate relief, and (3) a

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

likelihood of irreparable injury." *Id.* (cleaned up). Petitioners have not met that standard here. District Court discovery orders are reviewable on appeal from a final judgment as are orders denying motions for partial judgment on the pleadings. *See Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir. 1996); *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 224 (3d Cir. 2000). Petitioners have not shown that an appeal after final judgment would be an inadequate remedy. *See Abbott Laby's*, 96 F.4th at 385; *In re Briscoe*, 448 F.3d 201, 212 (3d Cir. 2006).

For these reasons, we will deny the mandamus petition.[1]

---

[1] Petitioners have also filed a motion to stay the scheduling of trial pending our decision on their mandamus petition. Because we now deny their mandamus petition, we deny their motion to stay as moot.